# In the United States Court of Federal Claims

No. 20-1254
Filed: December 4, 2023

|  |  |
|---|---|
| DOUGHERTY ELECTRIC, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

*SMITH*, **Senior Judge**

      Before the Court is defendant's Motion to Dismiss plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the Court **GRANTS** defendant's Motion to Dismiss under RCFC 12(b)(1).

## I.   Factual Background

      From 2001 to 2005, Donald Dougherty, Jr. ("Mr. Dougherty") was the sole shareholder of plaintiff Dougherty Electric, Inc. Complaint at 2, ECF No. 1 [hereinafter Compl.]. In 2007, Mr. Dougherty was charged, *inter alia*, with nine counts of federal tax evasion corresponding to nine calendar quarters between 2003 and 2005. *Id.* In 2008, Mr. Dougherty pleaded guilty to all nine counts of tax evasion, among other counts, and was ordered to pay $1,633,471.00 in restitution to the Internal Revenue Service (the "IRS") for underpayment of federal employment taxes by plaintiff, underpayment of personal income taxes by Mr. Dougherty, and interest on those amounts. *Id.* at 3. In December 2008, the IRS informed plaintiff that it intended to assess penalties under section 6663 of the Internal Revenue Code ("I.R.C.") for seventeen calendar quarters, including the nine at issue in this case. *Id.* On December 11, 2015, plaintiff paid the IRS $1,534,504.37, including federal employment taxes, penalties, and interest for the nine calendar quarters. *Id.* at 4.

      On December 7, 2017, plaintiff submitted a letter to the IRS entitled "Protective Claim for Refund," stating the following:

> The taxpayer is hereby filing a protective refund claim for penalties and interest in the amount of at least $1,534,504.37 paid on December 11, 2015.  This payment was made in connection with a restitution-based assessment following the conviction of the taxpayer's owner for various tax offenses, and included taxes, interest, and fraud penalties.  In *Klein v. Commissioner*, 149 T.C. No. 15 (Oct. 3, 2017), the United States Tax Court held that a restitution-based assessment pursuant to 26 U.S.C. § 6201(a)(4) may only be based upon taxes due and owing, and may not include interest or additions-to-tax.  The restitution-based assessment in this case must be limited to taxes only, and the taxpayer is therefore entitled to a refund of all interest and penalties paid, or that should have been allocated to interest and penalties, on December 11, 2015.  The taxpayer also reserves the right to argue that all interest and penalty assessments were invalid and to seek a refund of an additional amount.  The taxpayer therefore files this claim for refund as a protective matter.

Compl., Exhibit ("Ex.") A at 1.  On December 11, 2017—four days after plaintiff's first letter to the IRS—the applicable statute of limitations period expired.  *See* I.R.C. § 6511(a).

On April 10, 2018, plaintiff sent a second letter to the IRS, entitled "Modified Protective Claim for Refund," stating the following:

> On behalf of the above-referenced taxpayer ("the taxpayer"), this letter relates to the protective claim for refund submitted on December 7, 2017 for tax years 2002, 2003, and 2004 ("Refund Claim") (a copy of which is enclosed).
>
> The taxpayer is filing a modified Refund Claim for penalties and interest in the amount of at least $1,534,504.37 paid on December 11, 2015.  The taxpayer's Refund Claim is hereby modified as follows: in addition to the taxpayer's reliance on *Klein v. Commissioner*, 149 T.C. No. 15 (Oct. 3, 2017), the taxpayer further asserts that the Commissioner failed to comply with the requirements of I.R.C. § 6751(b)(1).  *See Graev v. Commissioner*, 149 T.C. 23 (Dec. 20, 2017), supplementing 147 T.C. 16 (Nov. 30, 2016).  The taxpayer's Refund Claim is unchanged in all other respects.

Compl., Ex. B at 1.

On June 19, 2018—after plaintiff sent its second letter—the IRS sent plaintiff Letter 3010C stating, in part:

> We can't allow your request to remove all of the interest charged on your account for the tax year above.  We didn't remove the interest for the following reason:

-2-

> The interest wasn't an excessive amount, assessed after the expiration of the period of limitation on assessment, or erroneously or illegally assessed.

Defendant's Motion to Dismiss, ECF No. 16 [hereinafter Def.'s MTD], Ex. D at 1.  Also on June 19, 2018, the IRS sent plaintiff another letter, Letter 916C, stating, in part:

> We can't process your claim for the tax periods listed above because your supporting information was not complete.  If you have more information you didn't send with this claim, you can file another claim that includes all of your information.
>
> As for the penalty portion of the protective claim you filed on December 7, 2017, please submit a copy of the restitution order for review so a final determination can be made.

Def.'s MTD, Ex. E at 1.

On August 16, 2018, plaintiff filed Form 843, "Claim for Refund and Request for Abatement," for each of the nine quarters at issue.  *See* Compl., Ex. C.  On September 28, 2018, the IRS formally denied plaintiff's refund claims.  *See* Def.'s MTD, Ex. G.  Justifying its denial, the IRS stated the following:

> There were no expected changes in current regulations, pending legislation or current litigation relevant to the United States District Court's Judgment dated December 17, 2008 in which it was ordered that criminal monetary penalties restitution of $1,633,471.00 be made to the IRS.  The Judgment of the Court is clear and there is no Statute or Regulation upon which to base your claim.

*Id.* at 2.

## II. Procedural History

On September 23, 2020, plaintiff filed its Complaint with this Court.  *See generally* Compl.  Specifically, plaintiff seeks "recovery of federal employment tax penalties, plus statutory interest on those amounts, erroneously assessed and paid for the nine quarters ending September 30, 2003; December 31, 2003; March 31, 2004; June 30, 2004; September 30, 2004; December 31, 2004; March 31, 2005; June 30, 2005; and September 30, 2005."  *Id.* at 1.  On June 21, 2021, defendant filed its Motion to Dismiss the Complaint.  *See generally* Def.'s MTD.  Specifically, defendant argues that: (1) this Court lacks jurisdiction to hear plaintiff's claim because plaintiff did not file a proper claim for refund; and (2) plaintiff failed to state a claim because the Internal Revenue Code provisions that plaintiff relies on are inapplicable or were not in effect when Mr. Dougherty's restitution was imposed.  *Id.* at 8–9, 17.  On September 22, 2021, plaintiff filed its Response to Defendant's Motion to Dismiss.  *See generally* Plaintiff's Brief in

Opposition to Defendant's Motion to Dismiss, ECF No. 23 [hereinafter Pl.'s Resp.]. On October 8, 2021, defendant filed its Reply in support of its Motion to Dismiss. *See generally* Reply Brief in Support of Defendant's Motion to Dismiss, ECF No. 24 [hereinafter Def.'s Reply]. On December 15, 2021, the Court held Oral Argument.

On February 16, 2022, the Court stayed the case until April 22, 2022, and ordered supplemental briefing to discuss the impact of the recent Federal Circuit decision, *Brown v. United States*, 22 F.4th 1008 (Fed. Cir. 2022), on the case. *See* February 16, 2022 Order, ECF No. 35. On May 6, 2022, plaintiff filed its Supplemental Brief in opposition to defendant's Motion to Dismiss. *See generally* Plaintiff's Supplemental Memorandum in Further Opposition to Defendant's Motion to Dismiss, ECF No. 38 [hereinafter Pl.'s Supp. Br.]. On June 14, 2022, defendant filed its Response to Plaintiff's Supplemental Brief. *See generally* Supplemental Response Brief in Support of Defendant's Motion to Dismiss, ECF No. 41 [hereinafter Def.'s Resp. to Pl.'s Supp. Br.]. On August 10, 2022, plaintiff filed its Reply in support of its Supplemental Brief. *See generally* Plaintiff's Supplemental Reply Memorandum in Further Opposition to Defendant's Motion to Dismiss, ECF No. 48 [hereinafter Pl.'s Supp. Reply]. On June 8, 2023, the Court held Oral Argument on the supplemental briefing. Defendant's Motion to Dismiss is fully briefed and ripe for review.

### III. Standard of Review

Defendant brings its Motion to Dismiss under RCFC 12(b)(1) for lack of subject-matter jurisdiction.[1] *See generally* Def.'s MTD. Whether this Court has subject-matter jurisdiction to hear the merits of a case is a "threshold matter" and a requirement that "springs from the nature and limits of the judicial power of the United States." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). When evaluating subject-matter jurisdiction, the Court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). If plaintiff's claim is challenged for lack of jurisdiction, then plaintiff must demonstrate that it "is properly in court" through "competent proof." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). Plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (citing *Zunamon v. Brown*, 418 F.2d 883, 886 (8th Cir. 1969)). If the Court determines, at any time, that it lacks subject-matter jurisdiction, it must dismiss the action. *See* R. Ct. Fed. Cl. 12(h)(3).

### IV. Discussion

Defendant argues that the Court lacks subject-matter jurisdiction because plaintiff failed to file a claim for refund to the IRS within the statutory period. *See* Def.'s MTD at 8–16.

---

[1] Defendant also moves for dismissal pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims for failure to state a claim. Because the Court concludes that it lacks subject-matter jurisdiction, the Court need not address defendant's other arguments.

Plaintiff responds that the Court has subject-matter jurisdiction over this case because the variance doctrine applies. *See* Pl.'s Resp. at 11–27.

"The Supreme Court has ruled that failure to file with the IRS within the prescribed time deprives the court of 'jurisdiction over [the] suit for refund.'" *Dixon v. United States*, 67 F.4th 1156, 1161 (Fed. Cir. 2023) (quoting *United States v. Dalm*, 494 U.S. 596, 608–10 (1990)). However, the substantial variance doctrine "permits consideration of a claim for refund despite failure to timely file detailed formal claims with the IRS when a substantial variance from the requirements of the regulation is not involved." *Computervision Corp. v. United States*, 445 F.3d 1355, 1364 (Fed. Cir. 2006). However, "this doctrine applies only in four limited situations," commonly referred to as the informal claim doctrine, the germaneness doctrine, the general claims doctrine, and the waiver doctrine. *Id.* The Court examines the applicability of each in turn.

### A.  Informal-Claim Doctrine

Defendant argues that plaintiff's December 7, 2017, letter to the IRS was not an informal claim for refund because it did not fairly apprise the IRS of the basis for the claim. *Id.* at 8–10; Def.'s Reply at 4–8; Def.'s Resp. to Pl.'s Supp. Br at 12–16. Plaintiff responds that its December 7, 2017, letter was a valid informal claim. *See* Pl.'s Resp. at 12–18; Pl.'s Supp. Br. at 7–9; Pl.'s Supp. Reply at 11–15.

"Under the informal-claim doctrine, courts treat 'a timely claim with purely formal defects [as] permissible if it fairly apprises the IRS of the basis for the claim within the limitations period' and is followed by 'an untimely amendment that complied with the regulations.'" *Dixon*, 67 F.4th at 1162 (quoting *Computervision*, 445 F.3d at 1364). The Federal Circuit has specifically held that "an informal refund claim must adequately apprise the IRS of the particular year or years for which a refund is sought." *Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018) (citing *Computervision*, 445 F.3d at 1365). "Where the doctrine applies, an untimely formal claim is allowed to relate back, for timeliness purposes, to a timely informal claim." *Dixon*, 67 F.4th at 1162 (citing *United States v. Kales*, 314 U.S. 186, 190–97 (1941)).

Plaintiff's December 7, 2017, letter did not identify the "particular year or years for which a refund is sought." *Stephens*, 884 F.3d at 1156 (citing *Computervision*, 445 F.3d at 1365). The letter identified the amount paid ("at least $1,534,504.37"), the date paid of the payment ("paid on December 11, 2015"), and the general purpose of the payment ("[the] payment was made in connection with a restitution-based assessment following the conviction of the taxpayer's owner for various tax offenses, and included taxes, interest, and fraud penalties"). Compl., Ex. A at 2–3. However, nowhere in the letter did plaintiff mention the nine tax quarters from 2003 to 2005 at issue. *See id.* The December 2017 letter also did not mention the type of tax at issue nor the identity or tax identification number of plaintiff's owner Mr. Dougherty. *Id.*

This Court and the Federal Circuit have found purported informal refund claims inadequate when they have failed to identify the tax years at issue. For example, in *Johnson v. United States*, 127 Fed. Cl. 529 (2016), this Court considered the adequacy of the plaintiff's purported informal claim for refund. The Court in that case found that the plaintiff's claim, a March 6, 2010, letter to IRS, was inadequate because, among other things, it "failed to identify the year or years for which a refund was sought." *Id.* at 535. In *Stephens*, the Federal Circuit affirmed this Court's decision to dismiss the taxpayers' case for failure to submit a timely claim for refund. 884 F.3d at 1156. The Federal Circuit concluded that the petitioners' purported informal claim was inadequate because "[n]owhere in the Stephenses' amended 1997 return or the cover letter accompanying it did the Stephenses adequately apprise the IRS that they were seeking a refund for 1995 or 1996." *Id.* In the instant case, plaintiff's failure to specify the tax years at issue in their December 2017 letter to the IRS is material evidence that the IRS was not adequately apprised of plaintiff's claim.

While not binding on this Court, other Circuits have sometimes suggested that a plaintiff's failure to include tax years in an informal claim for refund is not fatal *in and of itself* to that plaintiff's claim if the claim for refund contains other information to fairly apprise the IRS of the basis of that plaintiff's claim. *See, e.g.*, *Kaffenberger v. United States*, 314 F.3d 944, 955 (8th Cir. 2004) ("Failure to specify the year does not necessarily defeat the informal claim *if other facts suffice to put the IRS on notice of the specified refund sought*." (emphasis added)); *PALA v. United States*, 234 F.3d 873, 878 (5th Cir. 2000) ("The fact that PALA's letter does not specifically mention the year 1991 is irrelevant; *the IRS had ample notice that the entire determination . . . was the subject of a claim for refund*." (emphasis added)). However, as noted above, plaintiff failed to include other important information in its December 2017 letter, including the type of tax at issue and sufficient information about Mr. Dougherty's restitution payments, both of which contributed to plaintiff's failure to adequately apprise the IRS of the basis for the claim.

Taken together, the Court concludes that plaintiff's December 7, 2017 letter could not have fairly apprised the IRS of the basis for plaintiff's claim. Indeed, after receiving plaintiff's subsequent letter dated April 10, 2018, the IRS still couldn't process plaintiff's claim: "We can't process your claim for the tax periods listed above because your supporting information was not complete." Def.'s MTD, Ex. E.

### B.   Other Substantial Variance Doctrines

Plaintiff's action also fails under the remaining three exceptions of the substantial variance doctrine because it did not timely file a formal claim. Under the waiver doctrine, "[i]f the taxpayer *files a timely formal claim* but fails to include the specific claim for relief, the claim may nonetheless be considered timely if the IRS considers that specific claim within the limitations period." *Computervision*, 445 F.3d at 1365 (emphasis added). The general claims doctrine exists "where (1) the taxpayer has *filed a formal general claim within the limitations*

*period*; and (2) an amendment is filed outside the limitations period that makes the general claim more specific." *Id.* at 1368 (emphasis added). Finally, the germaneness doctrine

> only applies where the taxpayer (1) *files a formal claim within the limitations period* making a specific claim; and (2) after the limitations period but, while the IRS still has jurisdiction over the claim, files a formal amendment raising a new legal theory—not specifically raised in the original claim—that is "germane" to the original claim, that is, it depends upon facts that the IRS examined or should have examined within the statutory period while determining the merits of the original claim.

*Id.* at 1370 (emphasis added).

These three exceptions of the substantial variance doctrine require one common element: that the taxpayer timely filed a *formal* claim for refund. As demonstrated above, plaintiff's December 7, 2017 letter was not a timely informal claim for refund, and it certainly was not a timely *formal* claim for refund. Therefore, the waiver, general claims, and germaneness doctrines do not apply in this case. As plaintiff "fail[ed] to file with the IRS within the prescribed time," *Dixon*, 67 F.4th at 1161, this Court lacks jurisdiction to consider plaintiff's Complaint.[2]

### V.    Conclusion

For the reasons set forth above, defendant's Motion to Dismiss under RCFC 12(b)(1) is hereby **GRANTED**. The Clerk of Court is directed to enter judgment in favor of defendant, consistent with this opinion.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*
Loren A. Smith,
Senior Judge

---

[2] Plaintiff also argues that, following the Federal Circuit's decision in *Brown v. United States*, 22 F.4th 1008 (Fed. Cir. 2022), whether plaintiff's claim was "duly filed" is not a jurisdictional question, but is "more-akin to a claims-processing rule." Plaintiff's Supplemental Memorandum in Further Opposition to Defendant's Motion to Dismiss, ECF No. 38, at 5. However, the Federal Circuit subsequently clarified that "*Dalm*'s jurisdictional characterization applies to 'the fact of filing' in the time allowed, but not to § 7422(a)'s 'duly filed' requirements governing 'the adequacy of the filing' if timely made, and held the latter not to be jurisdictional in nature." *Dixon v. United States*, 67 F.4th 1156, 1161 (Fed. Cir. 2023) (citing *Brown*, 22 F.4th at 1011–12). This case is about whether a claim for refund was, in fact, filed, not about the "adequacy" of a "timely made" claim. This Court's conclusion—that the Court lacks subject-matter jurisdiction to hear plaintiff's case because plaintiff did not file a claim for refund within the statutory period—is consistent with the Federal Circuit's decisions in *Brown* and *Dixon*.