# In the United States Court of Federal Claims

No. 20-1254
Filed: October 16, 2026

| | |
|---|---|
| DOUGHERTY ELECTRIC, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

*Ian M. Comisky*, Fox Rothschild, LLP, Philadelphia, Pennsylvania, for plaintiff.

*Jason S. Selmont*, United States Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C., for defendant.

***SMITH*, Senior Judge**

This tax-refund case concerns whether the Internal Revenue Service ("IRS") may assess interest or fraud penalties following a civil examination of a company when its owner was ordered to pay a related criminal restitution. Plaintiff Dougherty Electric, Inc. ("DE") alleges that it overpaid certain interest and penalties assessed across nine fiscal quarters. The Court initially dismissed DE's complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Court of Federal Claims ("RCFC"). However, the United States Court of Appeals for the Federal Circuit vacated-in-part and remanded this case to determine whether DE stated a claim based on an opinion issued by the United States Tax Court. Before the Court is defendant's motion to dismiss for failure to state a claim under RCFC 12(b)(6). *See* Def.'s Mot. to Dismiss, ECF No. 16. For the following reasons, the Court **GRANTS** defendant's motion.

## I. BACKGROUND

From 2001 through 2005, Mr. Donald Dougherty, Jr., acted as DE's sole shareholder. *See* Compl., ECF No. 1 at ¶ 9. During that time, Mr. Dougherty filed quarterly employer federal tax returns with the IRS. *Id.* at ¶ 10. Those quarters included: (1) the third and fourth quarters of 2003; (2) all four quarters of 2004; and (3) the first three quarters of 2005. *Id.* at ¶ 1. In 2007, a federal grand jury indicted Mr. Dougherty for, among other things, tax evasion "for each of the nine quarters at issue." *Id.* at ¶ 12 (citing *United States v. Donald Dougherty, Jr.*, Criminal No.

07-361-1 (E.D. Pa.)). Mr. Dougherty pleaded guilty the next year in the United States District Court for the Eastern District of Pennsylvania to all nine tax evasion charges. *Id.* at ¶ 13. As part of his plea agreement, the court ordered Mr. Dougherty to pay $1,633,471 in restitution to the IRS. *Id.* The restitution consisted of underpaid federal employment taxes by DE, underpaid personal income taxes by Mr. Dougherty, "and interest on certain of those amounts." *Id.* at ¶ 14.

A subsequent civil examination that concluded in December 2008 found that DE underpaid federal employment taxes for 17 calendar quarters, including the nine quarters at issue. *Id.* The IRS then informed DE that it would assess penalties under I.R.C. § 6663. *Id.* at ¶ 16.[1] Section 6663 imposes an amount equal to 75 percent of the portion of an underpayment of tax attributable to fraud. The IRS assessed those penalties sometime in 2010. Compl. at ¶ 18. According to DE, a supervisor at the IRS did not approve the penalties for the nine fiscal quarters in writing under I.R.C. § 6751(b)(1) before it communicated its determination to DE.[2] *Id.* at ¶ 19. In total, DE's unpaid federal employment taxes, penalties, and interest accrued amounted to $1,534,504.37. *Id.* at ¶ 23. On December 11, 2015, DE paid the full amount arising from its civil examination to the IRS. *Id.*

Almost two years later, DE filed a "Protective Claim for Refund" with the IRS on December 7, 2017, which reads:

> The taxpayer is hereby filing a protective refund claim for penalties and interest in the amount of at least $1,534,504.37 paid on December 11, 2015. This payment was made in connection with a restitution-based assessment following the conviction of the taxpayer's owner for various tax offenses, and included taxes, interest, and fraud penalties. In *Klein v. Commissioner*, 149 T.C. No. 15 (Oct. 3, 2017), the United States Tax Court held that a restitution-based assessment pursuant to 26 U.S.C. § 6201(a)(4) may only be based upon taxes due and owing, and may not include interest or additions-to-tax. The restitution-based assessment in this case must be limited to taxes only, and the taxpayer is therefore entitled to a refund of all interest and penalties paid, or that should have been allocated to interest and penalties, on December 11, 2015. The taxpayer also reserves the right to argue that all interest and penalty assessments were invalid and to seek a refund of an additional amount. The taxpayer therefore files this claim for refund as a protective matter.

*Id.* at ¶¶ 24–27 (citing Compl. Ex. A, ECF No. 1-2 at 2.). DE timely filed its initial claim because it was submitted within two years of paying the tax. *See* I.R.C. § 6511(a). DE's Protective Claim for Refund sought $1,534,504.37 for "erroneously assessed and paid penalties pursuant to I.R.C.

---

[1] Unless otherwise specified, all section references are to the Internal Revenue Code, Title 26 of the United States Code.

[2] This requirement provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination . . ." I.R.C. § 6751(b)(1).

§ 6663 and interest on these amounts" for the nine fiscal quarters. *Id.* at ¶ 27. On April 10, 2018, DE filed a "Modified Protective Claim for Refund" with the IRS which stated:

> On behalf of the above-referenced taxpayer ("the taxpayer"), this letter relates to the protective claim for refund submitted on December 7, 2017 for tax years 2002, 2003, and 2004 ("Refund Claim") (a copy of which is enclosed).
>
> The taxpayer is filing a modified Refund Claim for penalties and interest in the amount of at least $1,534,504.37 paid on December 11, 2015. The taxpayer's Refund Claim is hereby modified as follows: in addition to the taxpayer's reliance on *Klein v. Commissioner*, 149 T.C. No. 15 (Oct. 3, 2017), the taxpayer further asserts that the Commissioner failed to comply with the requirements of I.R.C. § 6751(b)(1). *See Graev v. Commissioner*, 149 T.C. 23 (Dec. 20, 2017), supplementing 149 T.C. 23 (Dec. 20, 2017), *supplementing* 147 T.C. 16 (Nov. 30, 2016). The taxpayer's Refund Claim is unchanged in all other respects.

*See id.* at ¶¶ 28–31 (citing Compl. Ex. B).[3] DE's modified claim added I.R.C. § 6751(b)(1) as a basis for relief. *See id.* Later in June 2018, the IRS sent DE a Letter 3010 that denied DE's "request to remove all of the interest charged on" its account. Def.'s Ex. D, ECF No. 16-1 at 56. The letter noted that I.R.C. § 6201(a)(4) "states that a criminal restitution based assessment is treated as a tax. Accordingly . . . if the amount is not paid when due, interest will accrue from the due date until paid in full." *Id.* The IRS also sent DE a Letter 916C regarding the "penalty portion" of its refund claim. Def. Ex. E at 59. There, the IRS concluded that DE provided insufficient information and asked the company to "submit a copy of the restitution order for review so a final determination can be made." *Id.* DE provided the IRS with a copy of Mr. Dougherty's restitution order in July 2018. Compl. at ¶ 35.

That August, DE transmitted nine Form 843s, "Claim for Refund and Request for Abatement," for each quarter at issue to the IRS. Compl. at ¶ 36. Added together, DE sought the full $1,534,504.37 refund in its formal claims. *Id.* at ¶ 37. But on September 28, 2018, the IRS disallowed all of DE's formal claims. *Id.* at ¶ 38. The IRS represented that "[t]here were not expected changes in current regulations, pending legislation or current litigation relevant" to Mr. Dougherty's judgment in 2008 "in which it was ordered that criminal monetary penalties" be made to the IRS. Def.'s Ex. G at 59. Thus, the federal district court's judgment "is clear and there is no Statute or Regulation upon which to base your claim." *Id.*

## II. PROCEDURAL HISTORY

On September 23, 2020, DE filed suit seeking "recovery of federal employment tax penalties, plus statutory interest on those amounts, erroneously assessed and paid" for the nine

[3] Because DE's Modified Protective Claim for Refund occurred over two years after it paid the tax, its modified claim was untimely. *See* I.R.C. § 6511(a).

quarters at issue. Compl. at ¶ 1. DE asserted relief under § 6751(b)(1) and § 6201(a)(4). *Id.* at ¶¶ 45–46. In June 2021, defendant moved to dismiss this case for lack of subject-matter jurisdiction and for failure state a claim. *See generally* ECF No. 16. Defendant argued that DE's Protective Claim for Refund failed to raise I.R.C. § 6751(b)(1). *Id.* at 9. Since that provision appeared in DE's untimely Modified Protective Claim for Refund, DE's subsequent letter "must fit within the narrow set of circumstances . . . that allow for the untimely amendment of a refund claim." *Id.* at 10. According to defendant, DE's modified claim fell under none of those exceptions and its formal tax refund claims could not cure its informal claim. *See id.* at 10–16. Defendant also argued that DE failed to state a claim under § 6201(a)(4). *Id.* at 17–22.

Between September and October 2022, the parties exchanged response and reply briefs. *See* Pl.'s Resp. Br., ECF No. 23; Def.'s Reply Br., ECF No. 24. DE then requested oral argument, which the Court granted and held on December 15, 2021. *See* Mot. for Oral Arg., ECF No. 25; Oral Arg. Tr., ECF No. 34. The Court then ordered supplemental briefing to address the impact of a Federal Circuit decision concerning unrelated issues to those set forth in this Opinion. *See* Order Staying Case, ECF No. 35.

In December 2023, the Court granted defendant's motion to dismiss for lack of subject-matter jurisdiction. *Dougherty Elec., Inc. v. United States*, 168 Fed. Cl. 690, 696 (2023) ("*Dougherty I*") (subsequent history omitted). Since DE did not file a timely formal refund claim, the company relied on its 2017 Protective Claim for Refund to establish jurisdiction through the substantial variance doctrine. *Id.* at 694. That doctrine "permits consideration of a claim for refund despite failure to timely file detailed formal claims with the IRS when a substantial variance from the requirements of the regulation is not involved." *Id.* (quoting *Computervision Corp. v. United States*, 445 F.3d 1355, 1364 (Fed. Cir. 2006)). However, none of the four exceptions to the variance doctrine applied to DE's filings. The Court first concluded that DE's failure to include the tax years at issue in its 2017 letter did not satisfy the informal claim exception. *Id.* at 695. DE's Protective Claim for Refund also did not list the company's tax identification number or the basis it sought relief for. *Id.* The other three exceptions to the variance doctrine did not apply either because they required a timely formal claim for refund. *See id.* at 696.

On review, the Federal Circuit vacated-in-part the Court's opinion. *See Dougherty Elec., Inc. v. United States*, 182 F.4th 963 (Fed. Cir. 2026). The court first defined DE's assertion that "the IRS could not assess interest or fraud penalties on a criminal restitution" as the "*Klein* theory." *Id.* at 968. The *Klein* theory arose from DE's reference to the Tax Court's decision in *Klein v. Commissioner*, 149 T.C. 341 (2017) in its Protective Claim for Refund. *Id.* The Federal Circuit also articulated DE's "supervisor theory" from its citation to I.R.C. § 6751(b)(1) in its Modified Protective Refund Claim. *Id.* Under the *Klein* theory, the court held that the "general claim doctrine" applied to confer this Court with jurisdiction. *Id.* at 972–73. In reaching this conclusion, the Federal Circuit held that a statement in one of its prior decisions requiring a "timely formal claim" under this exception was "an unsound expression of law and therefore should not be followed." *Id.* at 973 (citing *Computervision*, 445 F.3d at 1368). Because DE timely filed its 2017 Protective Claim for Refund, the company cured its defects through its formal refund claims. *Id.* As for the supervisor theory, "none of the four [] doctrines" allowed DE's claims to proceed under § 6751(b)(1). *Id.* at 974–75. Thus, the Federal Circuit remanded the case for the Court to consider

defendant's "merits-related arguments for dismissal" under *Klein*. *Id.*[4]

## III. LEGAL STANDARDS

### A. The Tucker Act

The Tucker Act confers jurisdiction on this Court to hear cases against the United States founded "upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Accordingly, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). This Court's jurisdiction includes actions against the United States "for the recovery of internal-revenue taxes alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a).

### B. Motion to Dismiss for Failure to State a Claim

A Court may dismiss a complaint under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[T]he court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009). A facially plausible claim is one in which "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. These factual allegations "must be enough to raise a right to relief above the speculative level" and "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, a complaint "does not require detailed factual allegations, but it demands more than unadorned, the defendant-unlawfully-harmed-me accusation[s]." *Bussie v. United States*, 96 Fed. Cl. 89, 95, *aff'd*, 443 F. App'x 542 (Fed. Cir. 2011) (quotations omitted).

## IV. DISCUSSION

On remand, the Court need only resolve whether DE stated a claim under the *Klein* theory. Defendant argues that DE did not adhere to basic pleading requirements and that § 6201(a)(4) "was not in effect when Mr. Dougherty's restitution was imposed." ECF No. 16 at 17–18. In addition, defendant claims that DE failed to allege sufficient facts under *Klein* to survive dismissal.

---

[4] DE filed a petition for rehearing *en banc* with the Federal Circuit. On October 2, 2026, the court issued an order that denied DE's requested relief. *See* Order Den. Pet. for Reh'g, ECF No. 69 at 2. The Federal Circuit then filed its mandate on October 9, 2026, which transferred the case back to this Court. *See* Mandate, ECF No. 70.

*Id.* at 19–22. DE did not respond to many of defendant's arguments, which leaves defendant's motion largely unopposed.[5]

To start, defendant alleges that DE failed to comply with RCFC 8(a)(2). Under that rule, a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2). Specific "facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Twombly*, 550 U.S. at 555). Rule 8 does not contemplate dismissal of a complaint "over mere form of a statement." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (citations omitted).

Defendant reads DE's complaint as failing to raise § 6201(a)(4) "at all and its passing reference to *Klein* fall[s] short of the requirements" under RCFC 8(a)(2). ECF No. 16 at 17. Defendant also notes that "[n]one of the nine counts included in the complaint assert that [DE] is entitled to a refund under § 6201(a)(4) and *Klein*." *Id.* at 17 n. 7. In opposition, DE contends that it "adequately pled a viable claim for relief" based on *Klein* without explanation. ECF No. 23 at 27. DE refers to *Klein* in its complaint and pleads that § 6201(a)(4) "was limited to the taxes due and owing and could not include interest or additions to tax." Compl. at ¶ 45. DE raised *Klein* under its "Applicable Legal Principles" section. *Id.* at ¶¶ 45–54. While the company could have made the *Klein* theory more apparent, the Court will not debate "over mere form of a statement." *Johnson*. 574 U.S. at 11. And given this Court's liberal pleading standards, DE's *Klein* theory survives dismissal under Rule 8(a)(2). *See* RCFC 8(e).

Nonetheless, the Court concludes that DE failed to state a claim for other reasons. Section 6201(a)(4) provides that "the Secretary shall assess and collect the amount of restitution under" 18 U.S.C. § 3556 "for failure to pay any tax imposed under this title in the same manner as if such amount were such tax." That provision applies to criminal restitution ordered after August 16, 2010. *See* Firearms Excise Tax Improvement Act of 2010 ("FETIA"), Pub. L. No. 111-237, sec. 3, 124 Stat. at 2497. Before 2010, the IRS "lacked a proper accounting mechanism to credit receipts of restitution payments." *Klein*, 149 T.C. at 351. Adding § 6201(a)(4) addressed this gap and allows the IRS to "assess the amount of restitution ordered by a District Court as soon as the order becomes final." *Id.* Section 6201(a)(4) in substance, then, acts like an account receivable and does not constitute an independent tax. *Id.* at 352.

In *Klein*, a married couple pled guilty to filing a false Federal income tax return. *Id.* at 344. As part of their plea agreement, a federal district court ordered them to pay $562,179 in restitution. *Id.* at 345. The IRS later assessed underpayment interest and failure-to-pay penalties based on the couple's criminal restitution order. *Id.* The Tax Court then addressed § 6201(a)(4)'s language of treating restitution "like a tax." *Id.* at 352. Under its interpretation, § 6201(a)(4) created a "counterfactual hypothesis" meaning that "restitution is not literally a tax." *Id.* (citations and quotations omitted). In effect, assessments of restitution under the provision do not generate interest or failure-to-pay penalties. *Id.* However, *Klein* also concluded that the IRS may still collect such payments following *civil* examinations. *Id.* at 359–62.

---

[5] DE appears to admit in its briefing that defendant could be correct regarding its interpretation of *Klein*. ECF No. 23 at 27. Instead of addressing its claim further, DE focused on preserving its supervisor theory. *See id.*

Indeed, "[t]he restitution ordered in a criminal tax case is designed to compensate the IRS for the loss caused by the defendant's wrongdoing. But that award does not purport to reflect the defendant's actual civil tax liability." *Id.* at 359. The Tax Court noted that restitution "is not a civil tax liability," and Congress "did not change that fact" when it enacted § 6201(a)(4). *Id.* at 361. Thus, if "the IRS wishes to collect interest and additions to tax, it is free to commence a civil examination of those returns at any time." *Id.* at 362.

Defendant argues that another court ordered Mr. Dougherty to pay restitution almost 20 months before Congress enacted § 6201(a)(4). ECF No. 16 at 19. Therefore, DE cannot rely on this provision. *Id.* The Court notes that § 6201(a)(4)—a forward-facing provision—became effective after Mr. Dougherty's plea agreement. Yet a more obvious defect proves fatal to DE's suit. DE seeks a refund for interest and penalties assessed under the IRS's *civil* examination of the company which does not concern Mr. Dougherty's *criminal* restitution order. ECF No. 16 at 22 (citing Compl. at ¶ 15). *Klein* expressly held that the IRS may collect interest and penalties under civil audits following a criminal restitution order. 149 T.C. at 362.[6] Because DE's payments "were based on an IRS civil assessment—as plaintiff claims—there is no issue under *Klein*." ECF No. 16 at 22. Nor does the plain language of § 6201(a)(4) save DE's claim. That provision again concerns criminal restitution, not civil tax liability. And while a Tax Court opinion is not binding authority, the Court cannot find case law from this Circuit or another jurisdiction that held otherwise.

Therefore, the Court concludes that DE failed to state a claim under the *Klein* theory which makes dismissal of its complaint appropriate.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss for failure to state a claim, ECF No. 16. The Court hereby dismisses DE's complaint, ECF No. 1. The Clerk of the Court is directed to **ENTER JUDGMENT** in favor of defendant, consistent with this Order.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith
Senior Judge

---

[6] DE did not allege that the IRS assessed penalties and interest based on Mr. Dougherty's criminal restitution order either.